UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY CURTIS PALMER,<br><br>       Plaintiff,<br><br>   v.<br><br>SUPERIOR COURT OF SAN BERNARDINO COUNTY, et al.,<br><br>       Defendants. | Case No. 1:21-cv-01807-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Johnny Palmer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on December 27, 2021. (ECF No. 1). Plaintiff alleges that errors in the calculation of his sentence and the failure of certain Defendants to properly count his credits have extended the duration of his confinement.

The Court has reviewed Plaintiff's complaint, and will recommend that this action be dismissed because this action is barred by the favorable termination rule, and must be brought if at all through a petition of habeas corpus, subject to the requirements for such petitions.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I.        SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  As Plaintiff is proceeding *in forma pauperis* (ECF No. 9), the Court may also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted).  Additionally, a plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II.       SUMMARY OF PLAINTIFF'S COMPLAINT

At times, Plaintiff's complaint is difficult to understand.  What follows is the Court's best understanding of Plaintiff's factual allegations and the claims he is bringing.

2

Plaintiff brings two claims.

    a.   <u>Claim 1</u>

In his first claim, Plaintiff brings a claim for violation of the Fourteenth Amendment's due process clause.

On May 12, 2017, after passage of Proposition 64, the San Bernadino County Superior Court reduced Plaintiff's possession of marijuana for sale conviction under HC 11359 from a felony to a misdemeanor.  The Superior Court previously granted petition for resentencing on December 26, 2014, pursuant to Penal Code section 1170.18.  At the previous resentencing, his PC 496(A) receiving stolen property conviction was reduced from a felony to a misdemeanor.

When Plaintiff's convictions were reduced to misdemeanors, the Superior Court was obligated by the sentencing guidelines to subtract three years from the doubled term of six years in Count 1 for robbery (PC 211), pursuant to 667's amendment.  It was also required to subtract eight months from the doubled term of sixteen months in Count 2 for felon in possession of a firearm (PC 12021(A)(1)), as well as to vacate the two-year enhancement in 12022.1(f), for a total sentence reduction of five years and eight months.

Contrary to the Superior Court's position in its August 24, 2020 order on Plaintiff's habeas petition, the reduction of felonies to misdemeanors necessitated a lesser sentence where such allowed doubling up of sentences mandated by enhancements was made illegal.  The Superior Court was required to review Plaintiff's current conviction in Case #FVI80051 and resentence Plaintiff based on the reductions.

Plaintiff's claim was denied in the Court of Appeal, Third Appellate District, on May 25, 2018.

Following the insufficient reductions made in 2017, the Superior Court updated Plaintiff's Abstract of Judgment, forwarding a copy to the California Department of Corrections and Rehabilitation ("CDCR").  Defendant Mazza sent a letter to the Superior Court dated April 28, 2017.  The letter was sent pursuant to California Code of Regulation section 3371.1(a) and (h).  It produced no corrective recommendation under Assembly Bill 1812, which was effective June 27, 2018, and amended/expanded section 1170(d)(1).

Upon learning of the changes made by the reductions and Proposition 57 credit earnings (which was effective May 1, 2017), Plaintiff asked the CDCR to review his C-File to reflect the new release date.  Plaintiff filed a CDC-22 to defendant Hernandez on July 23, 2019, followed by an appeal, which was assigned by Appeals Coordinator defendants Gonzales and Leyva to defendant Melendrez, a Case Records Analyst.

Defendant Melendrez contended that Kern Valley State Prison had not awarded Plaintiff with the Milestone Completion Credits and Rehabilitative Achievement Credit for completing approved rehabilitative programs.  However, Plaintiff became eligible to receive Milestone Completion Credits on August 1, 2017, and pursuant to California Code of Regulation section 3043.3(a), the credits were supposed to be retroactive.

The appeal to reflect his new release date was denied on January 14, 2020, at the first level of review.

Plaintiff has sought to correct his release date for the past four years.  The failure of Defendants to correct his release date is depriving Plaintiff of his right not to be subjected to the risk associated with serving time on a Maximum Security Level IV 180 design yard.

On May 1, 2021, Plaintiff was eligible for 66% credit earning.  On August 12, 2021, Plaintiff was given an updated Legal Summary Status, alleging he was assessed the changes under the new guidelines.  However, defendant Melendrez has not recalculated Plaintiff's Earliest Parole Release Date, which is blocking his release.  Per California Code of Regulation Title 15, section 3371.2, defendant Melendrez had five days to recalculate the Earliest Parole Release Date to substantiate crediting errors.

The enactment of Senate Bill 81, which as of October 8, 2021, provides sentencing courts discretion to strike or charge enhancements, is not retroactive.  However, 483 retroactively applied the repeal of sentence enhancements for prior prison or county jail felony terms.  136 and 333 made it harder to charge gang enhancements, absent extraordinary circumstances, but are not retroactive.  This would have further warranted actions by Defendants under California Code of Regulations section 3371.1(a) and (h) (and AB 1812, which amended PC 1170(d)(1)).

4

The failure of the Superior Court and the CDCR to update Plaintiff's Legal Summary Status to reflect changes under the new laws/guidelines, and to recalculate his Earliest Possible Release Date according to Milestone Completion Credits earned, has blocked his release for the past four years, despite the risks he faces serving time in a Maximum Security Level IV 180 design facility in California's prison system, which is corrupt and wholly inadequate.

b. Claim 2

In his second claim, Plaintiff brings a claim for violation of the Fourteenth Amendment's equal protection clause.

"Other multiple felony conviction cases/sentences where enhancements imposed pursuant to California Penal Code § 667 had a prior used to justify such imposition subsequently invalidated by a change in the law reducing the felony to a misdemeanor, have necessitated resentencing, or where non-retroactive bill apply to 'final' cases."

The credit earning systems in other states' penal systems are efficiently implemented to ensure its rehabilitative purpose, with sentencing rules from the Judicial Council that eliminate disparities in sentencing and promote uniformity in sentencing.

In both claims, Plaintiff alleges that he is suffering various injuries because he is being incarcerated "beyond release date."  In his request for relief, Plaintiff seeks "[p]ayment for every day beyond actual release date…."

## III.   ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.   Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see

1   also <u>Chapman v. Houston Welfare Rights Org.</u>, 441 U.S. 600, 618 (1979); <u>Hall v. City of Los</u>

2   <u>Angeles</u>, 697 F.3d 1059, 1068 (9th Cir. 2012); <u>Crowley v. Nevada</u>, 678 F.3d 730, 734 (9th Cir.

3   2012); <u>Anderson v. Warner</u>, 451 F.3d 1063, 1067 (9th Cir. 2006).

4           To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted

5   under color of state law, and (2) the defendant deprived him of rights secured by the

6   Constitution or federal law.  <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir.

7   2006); <u>see also</u> <u>Marsh v. County of San Diego</u>, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing

8   "under color of state law").  A person deprives another of a constitutional right, "within the

9   meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or

10  omits to perform an act which he is legally required to do that causes the deprivation of which

11  complaint is made.'"  <u>Preschooler II v. Clark County Sch. Bd. of Trs.</u>, 479 F.3d 1175, 1183

12  (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite

13  causal connection may be established when an official sets in motion a 'series of acts by others

14  which the actor knows or reasonably should know would cause others to inflict' constitutional

15  harms."  <u>Preschooler II</u>, 479 F.3d at 1183 (quoting <u>Johnson</u>, 588 F.2d at 743).  This standard of

16  causation "closely resembles the standard 'foreseeability' formulation of proximate cause."

17  <u>Arnold v. Int'l Bus. Mach. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981); <u>see also</u> <u>Harper v. City</u>

18  <u>of Los Angeles</u>, 533 F.3d 1010, 1026 (9th Cir. 2008).

19          A plaintiff must demonstrate that each named defendant personally participated in the

20  deprivation of his rights.  <u>Iqbal</u>, 556 U.S. at 676-77.  In other words, there must be an actual

21  connection or link between the actions of the defendants and the deprivation alleged to have

22  been suffered by the plaintiff.  <u>See</u> <u>Monell v. Dep't of Soc. Servs. of City of N.Y.</u>, 436 U.S.

23  658, 691, 695 (1978).

24                  B.  <u>Plaintiff's Case is Barred by the Favorable Termination Rule</u>

25          "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or

26  duration of his confinement.  He must seek federal habeas corpus relief (or appropriate state

27  relief) instead."  <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 78 (2005) (citations and internal quotation

28  marks omitted).

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated.  This "favorable termination rule" preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of confinement or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief.  <u>Muhammad v. Close</u>, 540 U.S. 749, 750-751 (2004).  Accordingly, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  <u>Wilkinson</u>, 544 U.S. at 81-82.

Here, Plaintiff is directly challenging the validity of the duration of his confinement.  He alleges that errors in the calculation of his sentence extended the duration of his confinement.  He also alleges that certain defendants failed to properly count his credits, which also extended the duration of his confinement.  There is no indication that Plaintiff received a favorable termination on any of his claims.  In fact, based on Plaintiff's allegations, it appears that he brought at least one habeas case before filing this case, and it was "denied."

As Plaintiff is challenging the validity of the duration of his confinement, his claims are barred by the favorable termination rule.  If Plaintiff wishes to bring these claims, "[h]e must seek federal habeas corpus relief (or appropriate state relief)…."  <u>Dotson</u>, 544 U.S. at 78.  If Plaintiff's habeas challenge is successful, he may then bring his claims pursuant to section 1983.[1]

## IV.    RECOMMENDATIONS AND ORDER

The Court recommends that this action be dismissed without granting Plaintiff leave to amend.  Because Plaintiff is challenging the duration of his confinement, this action is barred

---

[1] The Court is not giving Plaintiff permission to relitigate habeas claims he already litigated.

7

by the favorable termination rule.  As this action is barred by the favorable termination rule, leave to amend would be futile.

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   __March 28, 2022__                 _____/s/ Erica P. Grosjean_____

UNITED STATES MAGISTRATE JUDGE